| STATE OF NORTH CAROLINA | File No. 24-CvS-337 |
|---|---|
| ANSON County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| ROBERT CARPENTER, JR. |
| Address |
| c/o Ted A. Greve & Associates, PA, 1201 N. Tryon Street |
| City, State, Zip |
| Charlotte, NC 28206 |

**VERSUS**

| Name Of Defendant(s) |
|---|
| STEAK N SHAKE INC. |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Steak N Shake Inc.<br>Registered Agent: Corporation Service Company<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 8/23/24 | Time 4:55 ☐ AM ☒ PM |
|---|---|---|
| Charles W. Hinnant, III<br>Ted A. Greve & Associates, PA<br>1201 North Tryon Street<br>Charlotte, NC 28206 | Signature *Lisa L. Taylor* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

**EXHIBIT A**

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
ANSON COUNTY            CASE NO: 337

FILED 2024 AUG 23, P 4:55
ANSON CO., C.S.C.
BY_____

ROBERT CARPENTER, JR.,

     Plaintiff,

v.

STEAK N SHAKE INC.,

     Defendant.

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

**NOW COMES** the Plaintiff, by and through undersigned counsel, and hereby complains of the Defendant, its agents and employees, as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a citizen and resident of Anson County, North Carolina.

2. Upon information and belief, Defendant Steak n Shake Inc., previously known as Steak n Shake Operations, Inc., was, at all times relevant herein, a foreign corporation, incorporated in the State of Indiana, duly licensed to conduct business in the State of North Carolina and maintains Corporation Service Company as its agent for service of process in North Carolina, located at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

3. At all times relevant herein, Defendant owned and operated multiple restaurants throughout the State of North Carolina under the name "Steak n Shake," including a Steak n Shake restaurant located at 9700 S South Blvd, Charlotte, NC 28273 (hereinafter referred to as "Defendant's restaurant" or "Defendant's premises") in Mecklenburg County, North Carolina.

4. At all times relevant herein, Defendant owned 9700 S South Blvd, Charlotte, NC 28273, the property on which Defendant's restaurant was located.

### FACTUAL ALLEGATIONS

5. The preceding paragraphs are re-alleged as if fully set forth herein.

6. The subject matter of this action involves a personal injury sustained by the Plaintiff on the premises of Defendant's restaurant as a direct and proximate result of the Defendants' negligence, gross negligence, negligent training, negligent monitoring, and negligent supervision of its employee, Darnell Harris ("Harris").

1

Case 3:24-cv-00844-FDW-SCR     Document 1-1     Filed 09/19/24     Page 3 of 11

7. Defendant was, at all times relevant herein, a merchant engaged in the business of preparing, serving, and selling food for human consumption, and Defendant conducted its business at Defendant's restaurant, where Defendant's customers could purchase and consume the food was sold by Defendant.

8. At all times relevant herein, Defendant employed agents and employees, including Harris, and the negligent acts and omissions of Harris and Defendant's other agents and employees are imputed to Defendant pursuant to the doctrine of *respondeat superior* and the theories of actual, implied, and/or ostensible agency.

9. On or about July 9, 2019, Plaintiff was a lawful visitor at Defendant's restaurant and was on Defendants' premises to purchase and consume food prepared and sold by Defendant.

10. While Plaintiff was transacting business on Defendant's premises, an individual named Eddie Doh (hereinafter referred to as "Doh") attempted to rob Defendant's restaurant using a firearm.

11. During the robbery, Harris attempted to attack, engage, and/or disarm Doh in an effort to prevent the robbery. After a brief struggle, Doh shot and killed Harris in view of the Plaintiff. Doh then fired his weapon at Plaintiff, causing him to suffer multiple gunshot wounds with associated severe injuries.

12. Plaintiff has suffered life altering injuries due to his wounds as well as severe emotional distress, both from the traumatic nature of his injuries and being witness to the murder of Harris.

13. Upon information and belief, Defendant's restaurant receives cash payments for a significant portion of its total sales and therefore Defendant's business is an appealing target for robberies, violent crime, and theft.

14. Upon information and belief, Defendant did not have any security officers on its premises at the time of the robbery notwithstanding evidence of their need being readily available and robbery being reasonably foreseeable at Defendants' restaurant, as discussed further herein.

15. Upon information and belief, Defendant did not take any precautions to safeguard lawful visitors and invitees to Defendant's restaurant from the foreseeable criminal acts of third parties and did not warn lawful visitors and invitees that a criminal incident may occur on Defendant's premises.

16. At all times relevant herein, upon information and belief, Defendant knew, or in the exercise of reasonable care should have known, that the nature of Defendant's business made it a target for criminal activity and that there was a history of similar criminal activity being committed on Defendant's premises and in the surrounding area, including but not necessarily limited to:

    a. 14 calls to the Charlotte-Mecklenburg Police Department (hereinafter referred to as "CMPD") for violent crimes being committed on Defendant's premises from

2

January 1, 2017, through the July 8, 2019, including an armed robbery and an assault with a deadly weapon;

    b.      Numerous incidents of larceny on Defendant's premises during the hereinabove prescribed time period;

    c.      That a shooting occurred at the Wendy's directly across the street from Defendant's restaurant on June 22, 2019;

    d.      That in 2019 the crime rate in area surrounding Defendant's restaurant was higher than average for the City of Charlotte; and,

    e.      That in 2019, prior to the incident that is the subject of this complaint, multiple homicides occurred at various locations in the general vicinity in which Defendant's restaurant is located, including, but not necessarily limited to, the following incidents:

      i.    Parking lot on 77 Center Drive on February 17, 2019;

      ii.    Parkaire Lane on March 23, 2019;

      iii.    Extended Stay America on Yorkmont Road on April 28, 2019;

      iv.    Restaurante Lempira on South Boulevard on April 30, 2019; and,

      v.    8800 block of Orren Court on May 27, 2019.

17.      Upon information and belief, the robbery and subsequent injury to the Plaintiff were reasonably foreseeable by the Defendant because of the nature of Defendant's business and because the Defendant knew or should have known of the hereinabove described criminal activity. These reported criminal incidents made it reasonably foreseeable to Defendant and its employees and agents that a violent crime would occur, the consequences of which may be injurious in nature to both employees and patrons of Defendants' restaurant.

18.      Upon information and belief, the robbery was also reasonably foreseeable by the Defendant because Defendant provided Defendant's restaurant with a robbery prevention poster (the "poster") (hereto attached as "Exhibit 1") that contains "robbery safety tips", including tips on preventing robbery and what to do during and after a robbery.

19.      The poster indicates its purpose is to "Save Lives, [and] Save Money".

20.      The poster indicates that methods of robbery prevention include, *inter alia*, "Train[ing] all associates to follow good security practices" and "Understand your location's crime profile; request security from Corporate if necessary."

3

Case 3:24-cv-00844-FDW-SCR     Document 1-1     Filed 09/19/24     Page 5 of 11

21. The poster not only evidences Defendant was aware its store was a likely robbery target and that its employees at the restaurant would therefore need appropriate training on how to prevent robbery and what to do during and after a robbery, but also specifically states employees should, *inter alia*, "cooperate fully with demands; instruct others to do the same"; "avoid injury and protect associates and guests", "Lock all doors and call the police", and "Keep everyone calm and treat any injuries".

22. The poster also expressly informs employees of what not to do during a robbery, including to not, *inter alia*, "resist or attempt to bargain with the robber", "draw a weapon or attack thieves", or "try to be a hero. Save lives by staying calm."

23. Upon information and belief, Defendant did not appropriately or adequately train its employees in how to conduct themselves during a foreseeable criminal incident, such as a robbery, because if Defendant had appropriately and adequately trained its employees, Harris would know to not have attempted to attack, engage, or disarm Doh and to comply with the requirements and prohibitions of the poster, thereby preventing Plaintiff's injuries.

24. The robbery and subsequent injuries to Plaintiff would have been prevented if Defendant and Harris had exercised ordinary care by taking reasonable and adequate precautions to provide for the safety of Plaintiff and other lawful visitors and invitees to Defendant's restaurant, and if Defendant had properly trained, monitored, and supervised its employees, including Harris.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE AND GROSS NEGLIGENCE

25. The preceding paragraphs are re-alleged as if fully set forth herein.

26. At all times relevant herein, Plaintiff was a lawful visitor of Defendant and was on Defendant's premises during business hours for the purpose of transacting business.

27. At all times relevant herein, Defendant, its agents and employees, including Harris, owed Plaintiff a duty to exercise ordinary and reasonable care to maintain Defendant's premises in such a condition that they could be used safely by Plaintiff and all lawful visitors while transacting business, to follow existing policies and procedures associated with handling foreseeable criminal conduct, including robberies, to not violate the requirements of the poster and any other posted signage related to what to do and not to do during a robbery, and to train, monitor, and supervise its employees on what to do and not do during a robbery.

28. Because of the nature of Defendant's business and the repeated incidents of violent crime occurring on and around Defendant's premises, Plaintiff's injuries and damages were reasonably foreseeable to Defendant as Defendant should have foreseen that criminal conduct on the part of third parties was more likely than not to take place on its premises and could result in injuries to its patrons, including Plaintiff. Therefore, Defendant owed Plaintiff a duty to take reasonable precautions to prevent criminal activity from occurring on its premises, owed Plaintiff a duty to warn of potential criminal activity, and to adequately and appropriately train, monitor,

4

and supervise its employees in accordance with the poster's requirements, Defendants' own procedures and policies, and industry standards.

29. Defendant could have prevented Doh's criminal acts from injuring Plaintiff by exercising ordinary care, such as hiring a security officer to patrol its premises.

30. Defendant was negligent and grossly negligent in one or more of the following ways, and breached the aforementioned duties owed to Plaintiff identified herein, in that it:

a. Failed to use reasonable, ordinary care to provide security for its premises in order to protect lawful visitors to its premises from foreseeable criminal conduct;

b. Failed to provide reasonably necessary security officers to protect lawful visitors of its premises;

c. Failed to adequately secure its premises and control access to the premises;

d. Failed to adequately monitor activity on the premises including the activity and training of its employees, including Harris;

e. Failed to properly train its employees, including Harris, on how to conduct themselves during a criminal incident such as an armed robbery;

f. Failed to properly supervise its employees, including Harris;

g. Failed to establish safety protocols for employees to follow in order to prevent robbery and inform its employees as to what to do and not do during a robbery;

h. Failed to provide adequate warning to invitees that criminal activity was reasonably foreseeable;

i. Was grossly negligent because Defendant had been put on notice as to reasonably foreseeable criminal activity on and/or around its premises, including violent crimes and theft crimes, and knew that lawful visitors on Defendants' premises like Plaintiff would be subjected to a heightened risk of injury associated with that foreseeable criminal conduct. Notwithstanding that knowledge, Defendants did nothing to mitigate the reasonably foreseeable risks posed to patrons of its premises such as Plaintiff, while contemporaneously failing to train, monitor, and supervise its employees, including Harris, about what to do and not do during a robbery even though it was foreseeable this information would be necessary in order to avoid injuries to lawful visitors of the Defendants' premises.

j. Performing other negligent conduct resulting in this incident that the Court and parties may expose as discovery is exchanged; and,

k. Performing other negligent conduct resulting in this incident that the Court and parties may expose during the trial of this matter.

31. Plaintiff suffered significant physical injuries and severe emotional distress as a direct, proximate, and foreseeable result of Defendant's negligence and gross negligence, as alleged herein.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT TRAINING, MONITORING, and SUPERVISION

32. The proceeding paragraphs are re-alleged as if fully restated herein.

33. Defendant owed Plaintiff the aforementioned duties and breached those duties as described herein.

34. Defendant, its agents and employees, were negligent and/or grossly negligent by breaching their duty to Plaintiff in failing to train, monitor, and supervise Harris, including, but not necessarily limited to, the following:

   a. Failing to take necessary, foreseeable steps to ensure Harris and other employees knew to not attempt to attack, engage, or disarm an armed robber on their premises;

   b. Failing to take necessary, foreseeable steps to ensure Harris and other employees knew the foreseeable consequences of attempting attack, engage, or disarm an armed robber in their premises, specifically the foreseeable injuries to lawful visitors of their premises such as Plaintiff;

   c. Failing to train Harris on the requirements of the poster by ensuring he had read and understood its contents and ensuring he knew what to do and not do in the event of a robbery;

   d. Failing to monitor and supervise Harris to ensure that he understood the requirements of the poster and what to do and not do in the event of a robbery;

   e. Failing to train Harris and other employees in accordance with its own company policies and procedures associated with what employees should do and/or not do during a robbery;

   f. Failing to train Harris and other employees on how to distinguish and the distinctions between a robbery and an active shooter scenario;

   g. Failing to enact policies which create and make clear the distinctions between robberies and active shooter scenarios, and how employees should respond to both;

6
Case 3:24-cv-00844-FDW-SCR    Document 1-1    Filed 09/19/24    Page 8 of 11

      h.     Performing other negligent conduct resulting in this accident that the Court and parties may expose as discovery is exchanged; and,

      i.     Performing other negligent conduct resulting in this accident that the Court and parties may expose during the trial of this matter.

35.    As a direct and proximate result of the Defendants' aforesaid negligent training, monitoring, and retention Harris, the Plaintiff sustained significant injuries and damages, as further described herein.

## THIRD CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT STEAK N SHAKE INC.

36.    The preceding paragraphs are re-alleged as if fully set forth herein.

37.    Defendant owed Plaintiff the aforementioned duties and breached those duties as described herein.

38.    Defendant was negligent and grossly negligent as more fully described hereinabove in its failure to provide adequate security for its business invitees and failure to properly train, monitor, and supervise its employees, including Harris.

39.    As a direct, proximate, and foreseeable result of Defendant's negligence, Plaintiff witnessed the murder of Harris and suffered traumatic, life-altering physical and emotional injuries in the process.

40.    It is reasonably foreseeable that witnessing and experiencing such horrific events would cause Plaintiff to suffer severe emotional distress.

41.    Plaintiff suffered severe emotional distress is a direct, proximate, and foreseeable result of Defendant's negligent and grossly negligent conduct, as alleged herein.

## DAMAGES

42.    The preceding paragraphs are re-alleged as if fully set forth herein.

43.    As a direct, proximate, and foreseeable results of Defendant's negligence and gross negligence, as alleged herein, Plaintiff was damaged as follows:

      a.     Suffered severe, painful, and permanent bodily injuries;

      b.     Suffered severe pain and suffering in the performance of his day-to-day activities as a result of his injuries, and will continue to suffer such pain and suffering in the future;

c. Suffered severe emotional distress;

d. Incurred medical expenses for his reasonable and necessary medical treatment as a result of the injuries sustained, and will continue to incur medical expenses for those injuries in the future;

e. Suffered lost earnings and earning capacity as a result of missing a reasonable and necessary amount of time from associated with the injuries he sustained; and,

f. Such other and further damages as may be discovered during this litigation or at trial.

44. The actions and omissions of the Defendant and its employees and agents, including Harris, was nothing less than intentional, malicious, reckless, willful, wanton and gross, and such conduct showed actual fraud as well as a conscious and intentional disregard for and indifference to the rights and safety of the Plaintiff, which the Defendant knew or should have known was reasonably likely to result in injury, damage, or other harm, thereby entitling the Plaintiffs to an award of punitive damages for the claims for relief alleged herein pursuant to N.C.G.S. Section 1D-1 or as otherwise allowed by law.

45. In particular, the aggravating factors warranting an award of punitive damages to the Plaintiff are that Defendant had been put on notice as to reasonably foreseeable criminal activity on and/or around its premises, including violent crimes and theft crimes, and knew that lawful visitors on Defendants' premises like Plaintiff would be subjected to a heightened risk of injury associated with that foreseeable criminal conduct. Notwithstanding that knowledge, Defendants did nothing to mitigate the reasonably foreseeable risks posed to patrons of its premises such as Plaintiff, and failed to train, monitor, and supervise its employees, including Harris, about what to do and not do during a robbery even though it was foreseeable this information would be necessary in order to avoid injuries to lawful visitors of the Defendants' premises.

46. The acts and omissions of Defendant displays a conscious disregard for and indifference to the rights and safety of its lawful visitors to its premises such as Plaintiff, and the Defendant either knew or should have known that their actions and inactions were reasonably likely to result in injury, damage, or other harm, and which did result in harm to the Plaintiff.

47. As a direct, proximate, and foreseeable result of the aforesaid negligence, gross negligence, negligent training, monitoring, and supervision alleged herein, as well as the breach of the duties identified herein and owed by Defendant to Plaintiff, Plaintiff has sustained injuries and damages to his person in a sum exceeding that of Twenty-Five Thousand and No/100 Dollars ($25,000.00).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff seeks judgment against the Defendant as follows:

8
Case 3:24-cv-00844-FDW-SCR    Document 1-1    Filed 09/19/24    Page 10 of 11

1. That the Plaintiff have and recover of the Defendant, a judgment in excess of Twenty-Five Thousand Dollars ($25,000.00), for compensatory and punitive damages for each cause of action herein alleged, plus pre-judgment interest from the date of the filing of this action and post-judgment interest until any verdict is paid;

2. That the Defendant be taxed with the costs of this action;

3. That the Plaintiff recover reasonable attorney's fees as provided by North Carolina law;

4. That the Plaintiffs receive a trial by jury on all issues triable by jury; and,

5. For other such relief to which the Plaintiffs may be entitled given the allegations herein, and for any such other relief as the Court may deem just and proper.

This the 23rd day of August, 2024.

Cameron deBrun,
NC Bar #49155
**TED A. GREVE & ASSOCIATES, PA**
1201 North Tryon Street
Charlotte, NC 28206
(p) 704-830-1449
(f) 704-868-9939
(e) camerondebrun@mydrted.com

Charles W. Hinnant, III
NC Bar #44459
**TED A. GREVE & ASSOCIATES, PA**
1201 North Tryon Street
Charlotte, NC 28206
(p) 704-804-7129
(f) 704-376-9198
(e) chiphinnant@mydrted.com
*Attorney for Plaintiff*